### Self–Defense

The State has the burden of showing beyond a reasonable doubt that the defendant did not act in self-defense. *Chaffin v. State*, 121 So.3d 608 (Fla. 4th DCA 2013). Once a *prima facie* case of self-defense is established by defendant, "the state must overcome the defense by rebuttal, or by inference in its case-in-chief." *State v. Rivera*, 719 So.2d 335, 337 (Fla. 5th DCA 1998). In order to make a *prima facie* showing that he acted in self-defense, a defendant must demonstrate " 'a real necessity for taking a life and a situation causing a reasonably prudent person to believe that danger is imminent.' " *Rasley*, 878 So.2d at 476 (quoting *Hunter v. State*, 687 So.2d 277, 278 (Fla. 5th DCA 1997)). Where self-defense is raised at trial, the appellate court must defer to the jury's findings if the facts are disputed. *Dias v. State*, 812 So.2d 487, 491 (Fla. 4th DCA 2002).

Here, the disputed facts created a jury question as to Dunn's claim of self-defense. The nature of the verbal exchange between Dunn and Davis, whether Davis had a weapon, and whether Davis exited the Durango towards Dunn were all controverted. A gas station patron testified that he heard Dunn say, "You're not going to talk to me that way," but did not hear anyone in the Durango say anything back. The passengers of the Durango testified that Davis did not leave the Durango and testified that there were no weapons

in the vehicle. Additionally, a witness testified that there was no weapon in the Durango, but that they could see Dunn's gun.

Considering the evidence and inferences in the light most favorable to the State, the State presented sufficient evidence inconsistent with Dunn's self-defense theory.* Thus, the trial court properly concluded that the State rebutted Dunn's *prima facie* case of self-defense, and we affirm the denial of Dunn's motion for judgment of acquittal.

LEWIS, BILBREY, and WINOKUR, JJ., concur.

Andrew R. JOHNSON, Petitioner,

v.

STATE of Florida, Respondent.

No. 1D16–4757.

District Court of Appeal of Florida, First District.

Nov. 17, 2016.

Rehearing Denied Jan. 6, 2017.

---

\* Because the State presented direct evidence from which the jury could find that Dunn did not act in self-defense, the circumstantial-evidence rule of *State v. Law*, 559 So.2d 187, 188 (Fla.1989), does not apply here. *See Twilegar v. State*, 42 So.3d 177, 188 (Fla.2010) (explaining that when the evidence of guilt is wholly based on circumstantial evidence, the evidence must be inconsistent with the defendant's reasonable hypothesis of innocence). Nonetheless, even if the circumstantial-evidence rule applied, we would affirm the deni-

al of Dunn's motion for judgment of acquittal. In a circumstantial-evidence case, "the State is not required to 'rebut conclusively, every possible variation of events' which could be inferred from the evidence, but must introduce competent evidence which is inconsistent with the defendant's theory of events." *Johnston v. State*, 863 So.2d 271, 283 (Fla. 2003) (quoting *Darling v. State*, 808 So.2d 145, 156 (Fla.2002)). The evidence noted above is at least inconsistent with Dunn's theory of events.

Andrew R. Johnson, pro se, Petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, for Respondent.

PER CURIAM.

The petition for writ of habeas corpus is DISMISSED. *See Baker v. State,* 878 So.2d 1236 (Fla.2004). The court hereby reserves jurisdiction to consider the imposition of sanctions against petitioner.

ROWE, MAKAR, and KELSEY, JJ., concur.

**Dan W. FUDGE, Petitioner,**

v.

**STATE of Florida, Respondent.**

**No. 1D16–3171.**

District Court of Appeal of Florida, First District.

Nov. 18, 2016.

Dan W. Fudge, pro se, Petitioner.

Pamela Jo Bondi, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Respondent.

PER CURIAM.

The petition alleging ineffective assistance of appellate counsel is denied on the merits.

LEWIS, ROWE, and KELSEY, JJ., concur.

**VILLAGE SQUARE CONDOMINIUM, etc., Appellant,**

v.

**U.S. BANK NATIONAL ASSOCIATION, Appellee.**

**No. 5D15–2387.**

District Court of Appeal of Florida, Fifth District.

Nov. 18, 2016.

Rehearing and Rehearing En Banc Denied Dec. 28, 2016.

Jacob A. Brainard, Scott C. Davis and Jacob Bair, of Business Law Group, P.A., Tampa, for Appellant.

Alexzander D. Gonano, of Gonano & Harrell, Fort Pierce and Avri S. Ben-Hamo and Steven B. Greenfield, of Aldridge & Pite, LLP, Boca Raton, for Appellee.

PER CURIAM.

Village Square Condominium Association, Inc. ("Village Square") appeals from a final summary judgment finding that U.S. Bank National Association ("U.S.Bank") qualified for safe harbor under section 718.116(1)(b), Florida Statutes (2014), which limits a first mortgagee's liability for past-due condo association assessments. Village Square argues that U.S. Bank was not a first mortgagee because it was only the servicer of the loan, not the owner. U.S. Bank argues that it was a first mortgagee because it was the holder of the note and mortgage. This issue was recently addressed by the Second District Court of Appeal in *Brittany's Place Condominium Association, Inc. v. U.S. Bank, N.A.,* 205